## Bobby JONES *v.* PHILLIPS COUNTY ELECTION COMMISSION, *et al.*

03-1249                                                                   167 S.W.3d 662

### Supreme Court of Arkansas
### Opinion delivered May 13, 2004

*Alvin Leonard Simes,* for appellant.

*Lovell Ashley Higgins,* for appellee.

PER CURIAM. On August 28, 2003, Maxine Ball filed a petition for a writ of mandamus and for declaratory judgment in the Phillips County Circuit Court seeking to prevent appellant, Bobby Jones, from remaining on the ballot for the Helena-West Helena School Board ("School Board"). One day prior to the election, the circuit court found in favor of Ms. Ball and ordered the Phillips County Election Commission not to certify appellant as the winner of the School Board election. Appellant appealed to this court challenging the jurisdiction of the circuit court as well as the sufficiency of the evidence presented. Because of a flagrantly deficient abstract, we order a rebriefing.

The requirements for an abstract filed with this court are found in the Rules of the Arkansas Supreme Court 4-2(a)(5) (2004). We require, "an impartial condensation, without comment or emphasis, of only such material parts of the testimony of the witnesses and colloquies between the court and counsel and other parties as are necessary to an understanding of all questions presented to the court for decision." *Id.* When a party has failed to

supply the court with a sufficient brief, the procedure from Supreme Court Rule 4-2(b)(3) states,

> Whether or not the appellee has called attention to the deficiencies in the appellant's abstract or addendum, the Court may address the question at any time. If the Court finds the abstract or addendum to be deficient such that the Court cannot reach the merits of the case, or such as to cause an unreasonable or unjust delay in the disposition of the appeal, the Court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies, and has fifteen days within which to file a substituted abstract ... at his or her own expense, to conform to Rule 4-2(a)(5) and (8).

Here, appellant has provided a flagrantly deficient abstract. Rather than creating an impartial condensation of the relevant testimony and colloquies, the abstract consists of the witnesses' responses to unabstracted questions by counsel. We are unable to reach the merits of the case because the abstract fails to provide material testimony and colloquies necessary to understand the questions on appeal. It is, in places, incomprehensible. The following is an example of the rendition of testimony as reflected in the abstract.

> Yes, sir. Yes, sir. Three. I might be mistaken. No, I'm thinking it's 3 ... Yes, it is. Yes, it is. Yes, I have. Yes. Yes, sir. You have a what? Yes, I do own a Chevy ... Yes, sir. Yes, it is. No, I don't. Five what? No, I do not. No I do not. 2931 Getwell Road. Yes, she is. You would have to go ask the clerk that.

We hereby order appellant to submit a substituted brief that contains a revised abstract that is sufficient for this court to reach the merits of the case by providing an impartial condensation of the witnesses testimony and colloquies necessary to understand the questions on appeal in accordance with our rules. Appellant has fifteen days from the date of this opinion to file a substituted abstract, addendum, and brief to conform with Rule 4-2(a)(5) and (8). *See Campbell v. State*, 349 Ark. 111, 76 S.W.3d 271 (2002). Mere modifications of the original brief will not be accepted. *Id.* According to Rule 4-2(b)(3), if appellant fails to file a complying abstract, addendum, and brief within the prescribed time, the judgment or decree may be affirmed for noncompliance with the Rule. *Id.*

Rebriefing Ordered.