## Bobby JONES v. PHILLIPS COUNTY ELECTION COMMISSION

03-1249                                                    190 S.W.3d 273

Supreme Court of Arkansas
Opinion delivered July 1, 2004

*Simes Law Firm*, by: *Alvin L. Simes*, for appellant.

No response.

R AY THORNTON, Justice. This election case arises from a challenge to the eligibility of appellant, Bobby Jones, to seek a position on the Helena-West Helena School Board. We are limited in our review because the one brief presented in this case fails to include the petition for a writ of mandamus and declaratory judgment or any other pleading or motions filed by appellee, Maxine Ball. We affirm the Phillips County Circuit Court based on the insufficiency of appellant's brief, abstract, and addendum.

Appellant's abstract shows that a hearing was held on September 12, 2003, during which testimony was taken bearing on Jones's eligibility to run for a seat on the Helena-West Helena

School Board. An order was signed by the trial court on September 15, 2003, directing that Jones not be certified as the winner of the September 16, 2003, election.

Because of the failure to provide the petition for a writ of mandamus and declaratory judgment in the addendum, we cannot determine on the record before us that the challenge was anything other than a pre-election challenge. There is no showing of any attempt to expedite consideration of the issue, and the issue would now appear to be moot. Appellant does not contend that the issue is a matter of first impression or an issue of public significance.

■ Because of an insufficient brief, abstract, and addendum, we previously directed appellant to file a substituted brief, revised abstract, and addendum in this case. *See Jones v. Phillips County Election Commission*, 357 Ark. 384, 167 S.W.3d 662 (2004) (*per curiam*). The substituted brief, abstract, and addendum remain insufficient. For these reasons, he is not entitled to another revision.

As mentioned above, this case could be affirmed for several reasons, including mootness, but we base our decision on Arkansas Supreme Court Rule 4-2 which states, in pertinent part:

> If, after the opportunity to cure the deficiencies, the appellant fails to file a complying abstract, addendum, and brief within the prescribed time, the judgment or decree may be affirmed for noncompliance with the Rule.

Ark. R. Sup. Ct. 4-2(8)(b)(3).

■ Here, appellant's abstract and addendum fail to contain sufficient pleadings and documents for this court to reach the issues on appeal after a chance to cure deficiencies has been given. Accordingly, we affirm the trial court for appellant's failure to comply with Rule 4-2. *See Greene v. Pack*, 343 Ark. 47, 32 S.W.3d 482 (2000).

Affirmed.