SLIP OPINION

Cite as 2016 Ark. 112

# SUPREME COURT OF ARKANSAS

No. CV–15–711

KENNY QUARLES, AS SPECIAL
ADMINISTRATOR OF THE ESTATE OF
BENNIE JEAN QUARLES, DECEASED,
AND ON BEHALF OF THE WRONGFUL
DEATH BENEFICIARIES OF BENNIE
JEAN QUARLES, DECEASED

APPELLANT

V.

COURTYARD GARDENS HEALTH AND
REHABILITATION, LLC A/K/A
COURTYARD GARDENS HEALTH AND
REHABILITATION; ARKADELPHIA
HOLDINGS, LLC; SLC OPERATIONS
MASTER TENANT, LLC; SLC
OPERATIONS, LLC; SLC
PROFESSIONALS OF ARKANSAS, LLC;
SLC ADMINISTRATIVE SERVICES OF
ARKANSAS, LLC; CAPITAL
SENIORCARE VENTURES, LLC; SLC
PROPERTIES, LLC; 2701 TWIN RIVERS
DRIVE, LLC; SENIOR VANTAGE POINT,
LLC; SENIOR LIVING COMMUNITIES OF
ARKANSAS, LLC; EOR GROUP, LTD;
EOR, LLC; EOR–ARK, LLC; VAJ, LLC;
QUALITY REVIEW, LLC; ANGELA
MARLAR, IN HER CAPACITY AS
ADMINISTRATOR/EXECUTIVE
DIRECTOR OF GOLDEN
LIVINGCENTER – ARKADELPHIA N/K/A
COURTYARD GARDENS HEALTH AND
REHABILITATION, LLC; AND DEBORAH
THORNTON, IN HER CAPACITY AS
ADMINISTRATOR OF COURTYARD
GARDENS HEALTH AND
REHABILITATION, LLC F/K/A GOLDEN
LIVINGCENTER – ARKADELPHIA

APPELLEES

Opinion Delivered: March 17, 2016

APPEAL FROM THE CLARK
COUNTY CIRCUIT COURT
[CV-2011-11]

HONORABLE ROBERT
MCCALLUM, JUDGE

AFFIRMED.

**COURTNEY HUDSON GOODSON, Associate Justice**

 

Appellant Kenny Quarles, as Special Administrator of the Estate of Bennie Jean Quarles, deceased, and on behalf of the wrongful-death beneficiaries of Bennie Jean Quarles, deceased (the Estate) appeals the order entered by the Circuit Court of Clark County granting the motion for summary judgment filed by appellees Courtyard Gardens Health and Rehabilitation, LLC, and others (Courtyard Gardens). For reversal, the Estate contends that the circuit court erred in granting summary judgment and by failing to grant its motion for reconsideration. We affirm.

## I. *Factual Background*

The record reflects that Bennie Jean Quarles, the decedent, was a resident of Courtyard Gardens, a long-term-care facility in Arkadelphia, from June 2009 to March 2010, when she transferred to another nursing home. On June 4, 2010, Bennie Jean purportedly executed a durable power of attorney in favor of her son, Kenny Quarles. On January 27, 2011, Kenny, as "Power of Attorney for Bennie Jean Quarles, an incapacitated person," filed suit against Courtyard Gardens alleging claims of negligence, medical malpractice, and violations of the Arkansas Long-Term Care Residents' Rights Act.[1] Kenny filed an amended complaint in that same capacity on May 3, 2011.

On June 27, 2011, Courtyard Gardens filed a motion to compel arbitration of the claims contained in the amended complaint. Subsequently, on July 8, 2011, Kenny filed a

---

[1]The facility in Arkadelphia where Bennie Jean resided was under previous ownership when she first entered the nursing home in February 2009. The lawsuit also named the prior owner and other related entities as defendants. However, the circuit court subsequently entered an order dismissing those defendants upon the settlement of the claims against them.

SLIP OPINION

"Statement of Fact of Death" giving notice that Bennie Jean had died on May 17, 2011. On July 20, 2011, the circuit court entered an order substituting as the nominal plaintiff "Kenny Quarles, as Special Administrator of the Estate of Bennie Jean Quarles, deceased, and on behalf of the wrongful death beneficiaries of Bennie Jean Quarles, deceased."

On July 6, 2012, the circuit court issued an order denying Courtyard Gardens' motion to compel arbitration. Courtyard Gardens appealed that decision, and the Estate also filed a cross-appeal of the circuit court's order. This court affirmed on direct appeal and considered the cross-appeal moot. *Courtyard Gardens Health & Rehab., LLC v. Quarles*, 2013 Ark. 228, 428 S.W.3d 437. We held that the arbitration agreement failed because the evidence did not establish that Bennie Jean's son, Ronald Quarles, who had signed the agreement, had the actual authority to bind her to arbitration.

Following our decision, the parties engaged in discovery, and the circuit court set trial dates but granted several continuances. The court entered a scheduling order on August 27, 2014, setting a two-week trial to begin on June 22, 2015. In addition, this order required the parties to participate in mediation. The record also reflects that Courtyard Gardens deposed Kenny and his wife, Oleater Quarles, on October 9, 2014. It also took the deposition of Dr. Ferdinand Roda, Bennie Jean's treating physician, on December 22, 2014.

On January 30, 2015, the day scheduled for mediation, Courtyard Gardens filed the motion for summary judgment that is the subject of this appeal. Citing *Rhuland v. Fahr*, 356 Ark. 382, 155 S.W.3d 2 (2004), Courtyard Gardens asserted that the complaint and the amended complaint filed by Kenny under the power of attorney given to him by Bennie

Jean were nullities because the power of attorney executed in June 2010 was invalid. According to Courtyard Gardens, the power of attorney was invalid for two reasons. First, based on Bennie Jean's medical records, and the depositions of Dr. Roda, Kenny, and Oleater, it argued that Bennie Jean did not possess the legal capacity to execute the power of attorney. Courtyard Gardens also claimed that the Estate was barred by principles of judicial estoppel from contesting Bennie Jean's incapacity because the Estate had maintained in previous filings with the circuit court, as well as those filed with this court on appeal of the arbitration matter, that Bennie Jean lacked the capacity to delegate authority to her son to execute the arbitration agreement. Second, citing *Jones v. Owen*, 2009 Ark. 505, 342 S.W.3d 265,[2] Courtyard Gardens argued that the power of attorney had not been properly acknowledged. In support of these assertions, Courtyard Gardens included as exhibits Bennie Jean's medical records from April, May, and June 2010 showing that she suffered from advanced Alzheimer's disease and Parkinson's disease. An assessment dated March 16, 2010, reflected a diagnosis of dementia, and all of the boxes on the form were marked "no" for the categories of "able to understand," "able to communicate," "memory recall," and "alert and oriented." Courtyard Gardens also relied on excerpts from Dr. Roda's deposition to say that Bennie Jean's dementia rendered her incapacitated during her residency. In addition, Courtyard Gardens pointed to Kenny's deposition in which he stated that, when

---

[2] In *Jones*, this court held that a notary public has properly taken an acknowledgment when he or she witnesses the signing of an instrument or when the signer subsequently appears before the notary and acknowledges his or her signature on the instrument. In that case, we held that a power of attorney was invalid because it was not properly acknowledged when the notary signed the certificate before the signer placed his signature on the document.

Bennie Jean executed the power of attorney, he placed the pen in Bennie Jean's hand and that he held her arm and "helped her arm" sign the document. Finally, it relied on Oleater's deposition testimony that she took the signed power of attorney to the notary public for acknowledgment *after* Bennie Jean had purportedly signed the instrument. Courtyard Gardens maintained that the circuit court should dismiss the action with prejudice because the statute of limitations on the Estate's claims had expired.

In response, the Estate argued that the provisions of Rule 17(a) of the Arkansas Rules of Civil Procedure required that it be allowed a reasonable time to ratify the complaints or to substitute the real party in interest. It maintained that these things had already been accomplished when Kenny, as the duly appointed special administrator of the estate, had been substituted as the real party in interest prior to the expiration of the statute of limitations. Further, the Estate argued that *Rhuland*, *supra*, did not apply because it was based on the requirements of the wrongful-death statute as to who could bring suit. The Estate also argued that the doctrine of judicial estoppel was not applicable because it had not taken inconsistent positions. Alternatively, the Estate asserted that the doctrine of equitable estoppel barred Courtyard Gardens' argument because it had waited four years to question Kenny's standing to bring suit. In addition, it contended that the question whether Bennie Jean had sufficient capacity to execute the power of attorney was a disputed question of fact that was not suited for summary disposition.

In reply, Courtyard Gardens argued that the substitution of Kenny as the special administrator was of no consequence because Rule 17 does not apply to complaints that are nullities, citing *Brewer v. Poole*, 362 Ark. 1, 15, 207 S.W.3d 458, 466 (2005) ("Where the

original complaint is a nullity, Rules 15 and 17 are inapplicable because the original complaint never existed."). It also argued that principles of estoppel did not bar it from challenging Kenny's standing to file suit because it could not have raised the issue before the arbitration question was resolved without risking the waiver of its claimed right to arbitrate. It also asserted that it had promptly raised the issue when problems concerning the execution of the power of attorney came to light from the depositions of Kenny, Oleater, and Dr. Roda taken in October and December 2014.

The circuit court held a hearing on April 30, 2015. On May 6, 2015, the circuit court entered its order granting Courtyard Gardens' motion for summary judgment. The order recites,

> On April 30, 2015, counsel presented oral arguments regarding the Defendants' Motion for Summary Judgment. Based upon the argument of counsel, the pleadings, submitted briefs and exhibits, the court finds that the Defendants' arguments are persuasive and correct. Defendants' Motion for Summary Judgment is granted.

On May 15, 2015, the Estate filed a motion for new trial and reconsideration. In this motion, the Estate reiterated its position that the proper party, Kenny, as the administrator of the estate, had been substituted as the party plaintiff before the statute of limitations had expired. In addition, it continued to argue that principles of equitable estoppel precluded Courtyard Gardens from asserting the lack of standing at this juncture. For the first time, the Estate also asserted that, pursuant to Rule 17(b), it was the circuit court's duty to ensure that a case brought on behalf of an incompetent person proceeds. Also based on Rule 17(b), it maintained that Bennie Jean was the real party in interest and that, regardless of the validity of the power of attorney, the court had an obligation to recognize Kenny as Bennie Jean's

next friend to prosecute the action. For these propositions, the Estate cited *Missouri State Life Insurance Co. v. Holt*, 186 Ark. 672, 55 S.W.2d 788 (1932) (holding that, even if the appointment of the guardian had been void, the proper party was the insane person, and it was the duty of the court to allow the guardian to proceed as next friend, or to appoint a guardian ad litem, and not turn the insane person out of court), and *Harral v. Helton*, 230 Ark. 913, 327 S.W.2d 549 (1959) (recognizing the trial court's duty to permit an incompetent person to sue and to see that she is represented by a guardian or next friend). Also, the Estate argued that Courtyard Gardens had waived the issue of standing by not asserting it in a timely fashion or that Courtyard Gardens had waived it by not asserting the defense in its answer or a timely filed amended answer. In its response, Courtyard Gardens continued to assert that the complaints filed by Kenny were null and void, and it also argued that the Estate was improperly raising issues for the first time in the motion for reconsideration.

The circuit court did not rule on the motion for reconsideration; therefore, it was deemed denied after a period of thirty days. Ark. R. App. P. Civ.−4(b)(1). The Estate filed timely notices of appeal from the summary-judgment order and from the deemed-denial of the motion to reconsider. This appeal followed.

## II. *Standards of Review*

This case comes to us from an order granting summary judgment. The law is well settled regarding the standard of review used by this court in reviewing a grant of summary judgment. *Fed. Nat'l Mortg. Ass'n v. Taylor*, 2015 Ark. 78, 455 S.W.3d 811. A circuit court will grant summary judgment only when it is apparent that no genuine issues of material

SLIP OPINION

fact exist requiring litigation and that the moving party is entitled to judgment as a matter of law. *Anderson's Taekwondo Ctr. Camp Positive, Inc. v. Landers Auto Grp. No. 1, Inc.*, 2015 Ark. 268. Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Hotel Assocs., Inc. v. Rieves, Rubens & Mayton*, 2014 Ark. 254, 435 S.W.3d 488. In reviewing a grant of summary judgment, an appellate court determines if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered. *GSS, LLC v. CenterPoint Energy Gas Transmission Co.*, 2014 Ark. 144, 432 S.W.3d 583. We view the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Arloe Designs, LLC v. Ark. Capital Corp.*, 2014 Ark. 21, 431 S.W.3d 277.

### III. *Material Question of Fact*

The Estate first argues that the evidence is in material dispute regarding Bennie Jean's capacity at the time she executed the power of attorney. In support of this argument, the Estate relies on the deposition testimony of Kenny and Oleater indicating that they explained the power of attorney to Bennie Jean and that she both understood and agreed to sign it. This argument, however, ignores Courtyard Gardens' alternative contention that the power of attorney was invalid as a matter of law because it was not properly acknowledged by the notary public. Although the Estate appears to be under the impression that the circuit court did not rule on the acknowledgment issue, it is mistaken. We have previously recognized that when a circuit court denies a summary-judgment motion

without expressly stating the basis for its ruling, that ruling encompasses the issues presented to the circuit court by the briefs and arguments of the parties. *Asset Acceptance, LLC v. Newby*, 2014 Ark. 280, 437 S.W.3d 119. This rule also applies when a circuit court grants a motion for summary judgment. *Hardin v. Bishop*, 2013 Ark. 395, 430 S.W.3d 49. In this case, the circuit court did not specify any particular basis for its decision. Instead, the court found "that the Defendants' arguments are persuasive and correct." With this blanket ruling, the circuit court is deemed to have accepted all of the arguments advanced by Courtyard Gardens, including its contention that the power of attorney was invalid because it was not properly acknowledged. Because the Estate does not raise an argument to contest that finding in its opening brief, we do not address any issue regarding the circuit court's decision that the power of attorney was not valid. We have held that where the circuit court bases its decision on two independent grounds and an appellant challenges only one on appeal, this court will affirm without addressing the merits of either argument. *English v. Robbins*, 2014 Ark. 511, 452 S.W.3d 566. Although the Estate maintains in its reply brief that material questions of fact remain as to whether the power of attorney was properly acknowledged, we have consistently ruled that issues cannot be raised for the first time in a reply brief. *See Jewel v. Fletcher*, 2010 Ark. 195, 377 S.W.3d 176. We affirm the circuit court's ruling that the power of attorney is invalid.

IV. *Ark. R. Civ. P. 17(b)*

In this point on appeal, the Estate argues that Rule 17(b) and this court's precedents recognize the ability of an incompetent person to file suit by and through a next friend. It argues that an incompetent's right to bring suit is expressly recognized in Rule 17(b), which

provides that an incompetent person who does not have a guardian "may sue by his next friend or a guardian ad litem."  Under such circumstances, the Estate argues, the real party in interest was Bennie Jean, and it asserts that, even if the power of attorney was invalid, Kenny had standing to file suit as Bennie's next friend.  The Estate contends that the rule places on the circuit court the duty to ensure that the incompetent's rights are protected. Further, the Estate argues that cases construing the requirements of the wrongful-death statute, such as *Rhuland*, *supra*, are not instructive in cases involving an incompetent plaintiff. It asserts that our precedents applying a former statute upon which Rule 17(b) is modeled establish that the complaints filed by Kenny were not nullities, citing *Holt*, *supra*, *Harral*, *supra*, and *Scott v. Stephenson*, 168 Ark. 763, 271 S.W.2d 714 (1925).  In addition, the Estate relies on those cases to argue that, because the complaints were not nullities, the substitution of Kenny as the special administrator of Bennie Jean's estate cured any deficiencies in the original and amended complaints prior to the expiration of the statute of limitations.

The Estate's arguments are based on the provisions of Rule 17(b) and our precedents, and their success hinges on whether the complaints filed by Kenny under the invalid power of attorney were nullities.  As Courtyard Gardens correctly points out, the Estate first mentioned Rule 17(b) and those precedents in its motion for new trial and reconsideration. This court has repeatedly held that an objection first made in a motion for new trial is not timely. *Switzer v. Shelter Mut. Ins. Co.*, 362 Ark. 419, 208 S.W.3d 792 (2005); *Tate-Smith v. Cupples*, 355 Ark. 230, 134 S.W.3d 535 (2003); *Lee v. Daniel*, 350 Ark. 466, 91 S.W.3d 464 (2002). Any error argued on appeal must have first been directed to the circuit court's attention in some appropriate manner so that the court has an opportunity to address the

SLIP OPINION

issue. *Stacks v. Jones*, 323 Ark. 643, 916 S.W.2d 120 (1996). A party cannot wait until the outcome of a case to bring an error to the circuit court's attention. *Jones v. Double "D" Props., Inc.*, 352 Ark. 39, 98 S.W.3d 405 (2003). In the absence of an argument that is preserved for appeal, we affirm the circuit court's grant of summary judgment based on the conclusion that the complaints were nullities.

## V. *Waiver*

Next, the Estate contends that Courtyard Gardens waived any question of Kenny's standing to file suit by not asserting this defense in its responsive pleading. Failing that, it also contends that Courtyard Gardens waived the issue of standing by waiting to assert this claim nearly four years after the lawsuit had commenced because it had reason to know from the available medical records that Bennie Jean may have lacked the capacity to execute the power of attorney.

The Estate's claim that the issue of standing is lost unless made in answer to the complaint was raised for the first time in its motion for new trial or reconsideration. As such, that precise issue is not properly before us, because an argument made for the first time in a new-trial motion is not timely. *Switzer, supra*. Although the Estate did not raise any issue of waiver in its response to the motion for summary judgment, it did assert the question of waiver generally, and briefly, at the hearing on the motion for summary judgment. Counsel for the Estate argued,

> And I understand, appreciate that they said that in May 2013 [when we decided the arbitration appeal] is when they could've filed this thing that well, they didn't do it then either. They still waited another year and a half as we went through litigation on all sorts of things when they had all the information about the capacity as to Ms. Quarles. They had all the medical records. All that information was available back in May of 2013. They didn't do it. They

wait another year and a half to raise this issue. So I do think there's a waiver here. I think there is estoppel. And we make that argument in our brief. But I think that Your Honor can also find waiver of the argument.

Based on this argument, we are satisfied that the Estate's general assertion of waiver is preserved for appeal. However, the argument is not well taken.

Waiver is the voluntary abandonment or surrender by a capable person of a right known to him to exist, with the intent that he shall forever be deprived of its benefits, and it may occur when one, with full knowledge of the material facts, does something which is inconsistent with the right or his intention to rely upon it. *Cochran v. Bentley*, 369 Ark. 159, 251 S.W.3d 253 (2007). As we have mentioned, Courtyard Gardens asserted, and the circuit court found, that the power of attorney was invalid based on two independent grounds— Bennie Jean's lack of mental capacity and the absence of a proper acknowledgment. While the question whether Courtyard Gardens may have waived the issue of capacity is debatable, the same cannot be said regarding the issue of proper acknowledgment. Here, the record shows that Courtyard Gardens did not have full knowledge of the circumstances surrounding the execution of the power of attorney until the depositions of Kenny and Oleater were taken in October 2014, when it was learned that the notary public did not acknowledge Bennie Jean's signature in her presence. Thereafter, Courtyard Gardens promptly filed the motion for summary judgment on January 30, 2015. The Estate's claim of waiver is without merit.

VI. *Estoppel and Laches*

For its final point on appeal, the Estate contends that the motion for summary judgment filed nearly four years after Courtyard Gardens learned of the relevant facts is precluded by the doctrine of laches and estoppel. Again, it argues that Courtyard Gardens knew that Bennie Jean's medical records indicated that she suffered from moderate to severe dementia a year before the power of attorney was signed.

The elements of estoppel are (1) the party to be estopped knew the facts; (2) the party to be estopped intended that the conduct be acted on; (3) the party asserting the estoppel was ignorant of the facts; and (4) the party asserting the estoppel relied on the other's conduct and was injured by that reliance. Here, the estoppel argument fails for the very simple reason that the third element is not satisfied. As with the previous issue, we need only focus on the acknowledgment issue. On this record, we cannot conclude that the Estate was ignorant of the facts because all of the evidence comes from sources to which the Estate had superior access, such as the witnesses to the execution of the power of attorney.

The defense of laches is based on the equitable principle that an unreasonable delay by the party seeking relief precludes recovery when the circumstances are such as to make it inequitable or unjust for the party to seek relief. *Royal Oaks Vista, LLC v. Maddox*, 372 Ark. 119, 271 S.W.3d 479 (2008). The laches defense requires a detrimental change in position of the one asserting the doctrine, as well as an unreasonable delay by the one asserting his rights against whom laches is invoked. *Summit Mall Co., LLC v. Lemond*, 355 Ark. 190, 132 S.W.3d 725 (2003). Considering, once again, only the issue of

SLIP OPINION

acknowledgment, Courtyard Gardens questioned the validity of the power of attorney on that ground a few months after it learned that Bennie Jean's signature was notarized outside her presence after she signed the instrument.  Because there was no unreasonable delay, we cannot conclude that laches barred Courtyard Gardens from raising the issue.

Affirmed.

BRILL, C.J., DANIELSON and HART, JJ., concur.

**PAUL E. DANIELSON, Justice, concurring.**  My analysis of this case differs from the majority's in that I would address the doctrine of laches as it pertains to Courtyard Gardens' argument that Bennie Jean Quarles lacked the requisite capacity to execute a power of attorney.  The Estate preserved its laches defense by raising it in response to Courtyard Gardens' motion for summary judgment.

The doctrine of laches is based on a number of equitable principles that are premised on some detrimental change in position made in reliance upon the action or inaction of the other party.  *See, e.g.*, *Cochran v. Bentley*, 369 Ark. 159, 251 S.W.3d 253 (2007).  It is based on the assumption that the party to whom laches is imputed has knowledge of his rights and the opportunity to assert them, that by reason of his delay some adverse party has good reason to believe that those rights are worthless or have been abandoned, and that because of a change of conditions during this delay it would be unjust to the latter to permit him to assert them.  *See id.*  The laches defense requires a detrimental change in the position of the one asserting the doctrine, as well as an unreasonable delay by the one asserting his rights against whom laches is invoked.  *See, e.g.*, *Felton v. Rebsamen Med. Ctr., Inc.*, 373 Ark. 472, 284 S.W.3d 486 (2008).  The application of the doctrine to each case depends on its

SLIP OPINION

particular circumstances. *See, e.g.*, *Royal Oaks Vista, L.L.C. v. Maddox*, 372 Ark. 119, 271 S.W.3d 479 (2008). The issue of laches is one of fact, and a reviewing court does not reverse a circuit court's decision on a question of fact unless it is clearly erroneous. *See id.*

Kenny Quarles initiated this litigation on January 27, 2011, when he filed his initial complaint as power of attorney for his mother, who was incapacitated at that time. Courtyard Gardens proceeded to litigate the matter for four years before it finally filed its motion for summary judgment on January 30, 2015, asserting for the first time that Kenny Quarles did not have standing because his mother lacked capacity to execute the power of attorney. During those four years, the parties engaged in discovery, scheduled trial dates and mediation, and litigated Courtyard Gardens' motion to compel arbitration. Courtyard Gardens pursued an appeal on the issue of arbitration, and we issued an opinion holding that there was no valid arbitration agreement. *Courtyard Gardens Health & Rehab., LLC v. Quarles*, 2013 Ark. 228, 428 S.W.3d 437. In addition, upon his mother's death, Kenny Quarles filed a motion seeking to be substituted as party plaintiff in his capacity as special administrator of her estate, which the circuit court granted without objection from Courtyard Gardens. Still, during all of that time, Courtyard Gardens never asserted or pursued the threshold defense of standing in spite of the fact that it had access to Bennie Jean Quarles's medical records, which called into question her capacity at the relevant time. *See Grand Valley Ridge, LLC v. Metro. Nat'l Bank*, 2012 Ark. 121, at 9, 388 S.W.3d 24, 31 (stating that "[w]e treat the question of standing to sue as a threshold issue"). During the long pendency of this litigation, Courtyard Gardens never argued that Kenny Quarles was not the proper person to bring suit.

Under the particular circumstances of this case, this constituted an unreasonable delay on the part of Courtyard Gardens. Moreover, during that four-year period, the statute of limitations on the Estate's claims expired, which easily demonstrates prejudice. *See Cochran*, 369 Ark. at 170, 251 S.W.3d at 263 (stating that the doctrine of laches requires "a showing of some sort that the party asserting the doctrine has suffered or changed its position as a result of the lack of diligence or delay in assertion of rights"). In my view, Courtyard Gardens' motion for summary judgment on the issue of Bennie Jean Quarles's capacity was barred by laches because (1) Courtyard Gardens had knowledge of its potential standing defense and its opportunity to assert it; (2) by reason of its delay, the Estate had good reason to believe that the defense had been abandoned; and (3) because of the expiration of the statute of limitations during the delay, it would be unjust to permit Courtyard Gardens to assert the defense. *See id.*

However, in light of the fact that Courtyard Gardens raised an alternative, independent ground to support summary judgment—namely, that the power of attorney was invalid because it had not been properly acknowledged—and because laches does not apply on that issue, I must concur in the result reached by the majority.

Brill, C.J., and Hart, J., join in this concurrence.

*Wilkes & McHugh, P.A.*, by: *Carl R. Wilander*, *John V. O'Grady*, and *William P. Murracy III*; and *Appellate Solutions, PLLC d/b/a Riordan Law Firm*, by: *Deborah Truby Riordan*, for appellant.

*Kutak Rock LLP*, by: *Mark W. Dossett*, *Scott Jackson*, and *Samantha B. Leflar*, for appellees.