KENNETH S. HIXSON, Judge
Windsong Enterprises, Inc., brings this appeal from the order of the Cleburne County Circuit Court granting partial summary judgment in favor of appellees Red Apple Enterprises Limited Partnership, its general partner, Richard Upton, and related entities[1] (collectively, Red Apple). Windsong only challenges a single basis for the summary judgment, leaving an unchallenged basis to support the court's ruling. Accordingly, we summarily affirm.
This case is part of a long-running dispute between land developers over property located in Eden Isle Subdivision in Cleburne County. Windsong purchased a tract of real property in Eden Isle Subdivision at a 1997 foreclosure sale. The property, known as Southwinds, had previously been owned by Red Apple. Soon after the foreclosure sale, Windsong discovered that the property it had acquired included parts of the Red Apple golf course. Initially, Upton made several attempts to reacquire the golf course encroachments, but the parties were unable to agree on a purchase price. According to Windsong, it was at that point that Upton began to interfere with Windsong's plans to develop its land in Eden Isle in accordance with the bill of assurance in effect at the time Windsong purchased the land.
*179 Specifically, in 1997, the bill of assurance reflected that the Southwinds property was zoned for condominiums. Windsong claimed that, in retaliation for the golf-course dispute, Upton had gathered support from relatives and friends who also owned property in the Eden Isle subdivision to amend the bill of assurance so as to restrict the development of unplatted acreage, such as Southwinds, to single-family residences.
Litigation ensued in 1998, brought by Eden Isle Corporation, a nonprofit corporation, against Windsong on the issue of whether Windsong should be allowed to subdivide its property without approval from Eden Isle Corporation.[2] Windsong filed a counterclaim and a third-party complaint that brought Red Apple and Upton into the litigation. Eventually, the supreme court affirmed a summary judgment in favor of Upton on Windsong's claim for tortious interference with business expectancy. Windsong Enters., Inc. v. Upton , 366 Ark. 23, 233 S.W.3d 145 (2006) ( Windsong I ).
The bill of assurance of Eden Isle was amended several times between December 2003 and January 2008. The amendments required signatures of landowners owning more than 50% of the total acreage of Eden Isle. Windsong contends that it learned that Red Apple had intentionally misrepresented that it owned more acreage than it did, making it appear that it owned 48% of the acreage, and this acreage combined with other land belonging to family and friends gave it more than the 50% required to control development. According to Windsong, Red Apple made a series of misrepresentations in filings in the public tax and land records. Windsong conducted an examination of the records and commissioned a survey that, according to Windsong, revealed Red Apple's acreage was far less than the amount that Red Apple represented that it owned.
Windsong filed suit against Red Apple, asserting causes of action for (1) fraud; (2) intentional interference with business expectancy; (3) breach of contract; and (4) declaratory judgment as to the validity of some of the amendments to the bill of assurance. Windsong later amended its complaint to include a claim for negligence. In response, Red Apple filed a motion for partial summary judgment, arguing that Windsong's three tort claims were barred by the three-year statute of limitations, res judicata, and collateral estoppel. According to Red Apple, most of Windsong's claims in its second amended complaint were raised, or could have been raised, in the prior litigation leading to
WindsongI . Windsong responded that Red Apple had fraudulently concealed its true ownership percentage by filing falsified records. Red Apple asserted that the records have been on file for over a decade and provided constructive notice to Windsong of any potential claims. Windsong argued that fraudulent public records could not put a party on constructive notice.
The circuit court held a hearing on the motion for summary judgment. At the conclusion of the hearing, the court ruled from the bench and granted partial summary judgment on the three tort claims on the basis of the statute of limitations. The court did not discuss Red Apple's other grounds for summary judgment. The court's written order, however, did not specify a reason for the decision. In the written order, the circuit court stated only that "the court finds and determines that the Upton Entities' motion for partial summary *180 judgment should and hereby is granted" with respect to the three tort claims.
Although this appeal concerns the partial summary judgment decided in December 2010, the litigation continued for another six years. None of these later actions are germane to this appeal. This appeal timely followed entry of the order that disposed of the final outstanding claim.
On appeal, Windsong argues that summary judgment was improper because the statute of limitations was tolled by Red Apple's fraudulent concealment and that it exercised reasonable diligence in discovering the fraud. This argument, however, ignores Red Apple's alternative contention that res judicata and collateral estoppel also barred Windsong's tort claims.
The fact that the circuit court in this case may have orally indicated that it was basing its decision on the statute of limitations is not controlling because that ruling was never reduced to writing. An oral order announced from the bench does not become effective until reduced to writing and filed. Nat'l Home Ctrs., Inc. v. Coleman , 370 Ark. 119, 121, 257 S.W.3d 862, 863 (2007). As our supreme court has recognized, "the written order controls." Id. The circuit court's written order did not specify any particular basis for its decision. Instead, the order simply provided that the motion for summary judgment should be granted with respect to the three tort claims.
Our courts have recognized that when a circuit court grants a summary-judgment motion without expressly stating the basis for its ruling, that ruling encompasses all of the issues presented to the circuit court by the briefs and arguments of the parties. Hardin v. Bishop , 2013 Ark. 395, 430 S.W.3d 49 ; see also Quarles v. Courtyard Gardens Health & Rehab., LLC , 2016 Ark. 112, 488 S.W.3d 513. Here, Windsong and Red Apple both briefed the issues of fraudulent concealment, res judicata, and collateral estoppel to the circuit court. The court's written order simply provided that the motion should be granted without stating the grounds. Therefore, we have no alternative but to conclude that the circuit court's grant of the motion for summary judgment constituted a ruling on all of the issues raised by the parties, including Red Apple's allegation that Windsong's claims were barred by res judicata.
In its opening brief to this court, Windsong argues the case solely on the issues of fraudulent concealment and whether it exercised due diligence in attempting to discover the fraud. However, with its blanket ruling, the circuit court is deemed to have accepted all of the arguments advanced by Red Apple, see Quarles , supra , including its contention that Windsong's current claims were also barred by res judicata because they either had been raised, or could have been raised, in the case leading to Windsong I . Because Windsong does not raise an argument to contest that finding in its opening brief, we cannot address any issue regarding the circuit court's decision to grant partial summary judgment to Red Apple on the tort claims. Quarles , supra ; see also English v. Robbins , 2014 Ark. 511, 452 S.W.3d 566 ; Pearrow v. Feagin , 300 Ark. 274, 778 S.W.2d 941 (1989).
While Windsong attempts to argue in its reply brief that res judicata does not apply in this case, this argument comes too late. We have consistently ruled that issues cannot be raised for the first time in a reply brief. See Quarles , supra ; Jewell v. Fletcher , 2010 Ark. 195, 377 S.W.3d 176.
*181 Affirmed.[3]
Abramson and Vaught, JJ., agree.

Propco Limited Partnership No.1, Propco, Inc., United Resorts, Inc., and UDC, LLC. United Resorts is alleged to be a general partner in Red Apple, and Upton is also its general partner.

The bill of assurance grants Eden Isle Corporation certain authority with reference to the lots and property in Eden Isle Subdivision. Upton is alleged to have voting representation on Eden Isle Corporation's board of directors.

Red Apple filed a motion to dismiss the appeal on the basis that Windsong did not first seek approval from the circuit court to file the notice of appeal. The motion had been passed until the case was submitted. We deny the motion.