Cite as 2021 Ark. 46

# SUPREME COURT OF ARKANSAS

No. CV-21-23

| | | |
|---|---|---|
| BOBBY LEE JONES | | **Opinion Delivered:** March 4, 2021 |
| | APPELLANT | APPEAL FROM THE PHILLIPS COUNTY CIRCUIT COURT [NO. 54CV-20-213] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE CHRISTOPHER |
| | APPELLEE | MORLEDGE, JUDGE |
| | | <u>REVERSED AND REMANDED</u>. |

**ROBIN F. WYNNE, Associate Justice**

Bobby Lee Jones appeals from the Phillips County Circuit Court's order declaring him ineligible to hold the office of Justice of the Peace. For reversal, Jones argues that (1) he was entitled to a hearing on whether the trial court should take judicial notice of an order in a prior case; (2) the prosecutor lacked standing; (3) res judicata does not apply to the order in the prior case; (4) the defective summons was grounds for dismissal; (5) as a matter of law, he has no criminal conviction that disqualifies him from holding public office; and (6) Arkansas law clearly recognizes the right of an individual to seek elective office after having convictions sealed or expunged. We reverse and remand for a hearing on the propriety of taking judicial notice.

This is not the first time that Bobby Lee Jones's eligibility to hold public office has come before this court. *See Ball v. Phillips Cty. Election Comm'n*, 364 Ark. 574, 222 S.W.3d 205 (2006); *Jones v. Phillips Cty. Election Comm'n*, 358 Ark. 339, 190 S.W.3d 273 (2004). We

did not reach the merits of Jones's eligibility in either of these cases. Then and now, Jones's eligibility was contested due to past felony convictions. In 1990, Jones was convicted of residential burglary and theft of property (Phillips County Case No. CR-1989-251). A certificate expunging these convictions was entered in 2001. In 1996, Jones was convicted of theft of property (Phillips County Case No. CR-1995-184). An order to seal this conviction was entered in 2000. In 2006, Jones ran for Justice of the Peace for Phillips County, District One. His opponent filed a preelection contest arguing that Jones was ineligible to hold public office due to his felony convictions (Phillips County Case No. CV-2006-150-3). On May 22, 2016, the court entered an order and letter opinion ("2006 order") declaring that the 2000 order to seal was defective and void. The 2006 order concluded that Jones remained a convicted felon and was therefore ineligible to hold public office.

In 2020, Jones again ran for Justice of the Peace for Phillips County, District One. He ran unopposed and was elected to the office in the March 3, 2020 primary. Ark. Code Ann. § 7-7-313 (Repl. 2018). On November 3, 2020, the State filed suit seeking a declaratory judgment that Jones is ineligible to hold the office because of his prior felony convictions. In its petition, the State sought declaratory relief, summary judgment, and an expedited hearing if one was necessary. Jones answered the petition on November 18 and demanded in-person hearings on December 29. On December 30, the trial court entered an order declaring Jones ineligible to hold the office and granting summary judgment for the State. The trial court took judicial notice of the 2006 order voiding the 2000 order sealing Jones's convictions and determined that res judicata applied. The trial court concluded that Jones

2

is a convicted felon and therefore ineligible to hold public office under article 5, section 9 of the Arkansas Constitution. On January 4, 2021, Jones filed an objection to judicial notice, demand for strict proof, and demand for a hearing before taking judicial notice. On January 11, Jones filed an amended answer and a motion for reconsideration. The trial court denied the motion for reconsideration on January 15. Jones timely appealed.

A trial court may grant summary judgment only when it is apparent that no genuine issues of material fact exist requiring litigation and that the moving party is entitled to judgment as a matter of law. *Quarles v. Courtyard Gardens Health & Rehab., LLC*, 2016 Ark. 112, at 7–8, 488 S.W.3d 513, 519. Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* at 8, 488 S.W.3d at 519. In reviewing a grant of summary judgment, this court determines if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered. *Id.* We view the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* A trial court is given broad discretion in evidentiary rulings, and this court will not reverse a trial court's ruling on the admissibility of evidence absent an abuse of that discretion. *W.E. Pender & Sons, Inc. v. Lee*, 2010 Ark. 52, at 9, 370 S.W.3d 163, 169.

First, Jones argues that the trial court erred by taking judicial notice of the 2006 order without providing a hearing. Arkansas Rule of Evidence 201(e) provides that "[a] party is

entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken." Jones contends that he was entitled to a hearing on the issue and to cross-examine the evidence. He also argues that the trial court erred in taking judicial notice of the 2006 order because the facts are subject to reasonable dispute. Jones maintains that his convictions remain sealed. For support, he relies on an affidavit from the Phillips County Deputy Clerk stating that the criminal files are under seal and have been for at least the past nine years. He also points to this court's precedent that "[c]ourts may not take judicial notice of prior or pending litigation in other cases, even if those cases are between the same parties." *Brissett v. Sykes*, 313 Ark. 515, 519, 855 S.W.2d 330, 333 (1993).

The State contends that Jones failed to preserve his Rule 201 arguments because he did not obtain a specific ruling from the trial court on the issue. We disagree. It is an appellant's responsibility to obtain a ruling to preserve an issue for appeal, and the failure to obtain a ruling precludes our review on appeal. *TEMCO Constr., LLC v. Gann*, 2013 Ark. 202, at 9, 427 S.W.3d 651, 657. The trial court's ruling in its January 15 order that "[t]he Objection to taking Judicial Notice is denied" makes it sufficiently clear that the trial court denied Jones's objection to taking judicial notice. This issue is preserved.

The State also argues that Jones did not timely request a hearing because he did not object to the judicial notice or request a hearing until after the trial court took such notice. Rule 201 provides that a hearing request may be made after judicial notice has been taken

in the absence of prior notification. The State's petition, while it asked the trial court to take judicial notice of Jones's convictions, did not specifically ask the trial court to take judicial notice of the 2006 order. The first notice that the trial court would take judicial notice of the 2006 order was the order entered December 30, 2020. Jones filed his objection and hearing request on January 4, 2021, five days later. We conclude that Jones's objection and hearing request were timely.

Next, the State contends that Jones was not entitled to a hearing under Rule 201 because the trial court did not take judicial notice of the 2006 order. Rather, the State argues that the trial court applied a binding declaratory judgment against Jones, and judicial notice is "convenient shorthand" for the trial court's action. According to the State, there was no fact that required adjudication before the trial court could apply the 2006 order. Moreover, the State contends that Jones does not allege that the copy of the order attached to the complaint is inaccurate or incomplete or does not apply to him.

We are not persuaded by this argument. The trial court clearly called its action judicial notice, stating that it "takes judicial notice" of the 2006 order in its December 30 order and denying Jones's "Objection to taking Judicial Notice" in its January 15 order. The fact that Jones does not allege that the copy of the order attached to the complaint is inaccurate or incomplete is irrelevant to the question of whether the trial court took judicial notice of the order.

We hold that the trial court erred by not providing Jones with a hearing on the propriety of taking judicial notice of the 2006 order. Under Rule 201(e), Jones was entitled

upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. Because Jones did not receive prior notification, he properly requested a hearing after the trial court took judicial notice. We cannot say that taking judicial notice of the 2006 order without a hearing was harmless error. That order is the crux of this case. The trial court granted summary judgment for the State on the basis of an uncertified copy of a court order in a prior case attached as an exhibit to an unverified petition without affording Jones an opportunity to be heard on whether taking judicial notice of that order was appropriate. Jones was not afforded an opportunity to "meet proof with proof." *Quarles*, 2016 Ark. 112, at 8, 488 S.W.3d at 519. We reverse and remand for a hearing on the propriety of taking judicial notice.

Because we reverse and remand for a hearing, we do not reach the merits of the propriety of taking judicial notice of the 2006 order. Nor do we address Jones's remaining points for reversal.

Reversed and remanded.

WEBB, J., concurs without opinion.

*J.F. Valley, Esq., P.A.*, by: *J.F. Valley*; and *Allen Law Firm*, by: *Phillip Allen*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kesia Morrison*, Ass't Att'y Gen., for appellee.