Cite as 2021 Ark. App. 382

# ARKANSAS COURT OF APPEALS

DIVISION II

**No.** CV–20–342

|  |  |
|---|---|
| MICHAEL MATTOX AND PINNACLE PARTNERS, LLC<br><br>APPELLANTS<br><br>V.<br><br>MAIN ENTRANCE, INC.; JEFFREY CLAY SMITH; MCGILL COMPANIES, LLC; AND ALICE MATTOX<br><br>APPELLEES | **Opinion Delivered** October 6, 2021<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION<br>[NO. 60CV-18-645]<br><br>HONORABLE TIMOTHY DAVIS FOX, JUDGE<br><br>AFFIRMED IN PART; DISMISSED IN PART |

## KENNETH S. HIXSON, Judge

Appellants Michael Mattox (Mr. Mattox) and Pinnacle Partners, LLC (Pinnacle LLC), appeal from three separate orders filed by the Pulaski County Circuit Court granting partial summary judgment in favor of appellees Main Entrance, Inc. (Main Inc.); Jeffrey Clay Smith (Mr. Smith); and McGill Companies, LLC (McGill LLC).[1]   On appeal, appellants argue that (1) the circuit court erred because the vote by Pinnacle LLC's members to dismiss the case was tainted with self-interest, and Mr. Mattox's claims are supported by common-law theories and statutory provisions; (2) the circuit court erred because the lease does not permit Mr. Smith to violate his statutory and common-law duties; (3) the corporate

---

[1]We note that appellants' brief also refers to Alice Mattox (Ms. Mattox) as an appellee. Ms. Mattox was named in this action as a third-party defendant and a cross-claimant.  The circuit court's third order granting partial summary judgment dismissed with prejudice all claims, counterclaims, and third-party claims not specifically addressed, which would include the claims by and against Ms. Mattox.  Ms. Mattox has not appealed this order nor filed any brief on appeal.

veil of McGill LLC should be pierced; and (4) the operating agreement of Pinnacle LLC does not prohibit Mr. Mattox from evicting a nonpaying tenant such as Main Inc. We affirm in part and dismiss in part.

I. *Relevant Background*

Pinnacle LLC is an Arkansas limited liability company that was formed on December 13, 1999. Pinnacle LLC was created to purchase unimproved real property and to operate a parking lot near Verizon Arena in North Little Rock. The two principals in this business arrangement were Mr. Mattox and Mr. Smith. According to the operating agreement, Pinnacle LLC's original members consisted of Maverick Partners, LLC (representing Mr. Mattox's interest), and McGill LLC (representing Mr. Smith's interest). McGill LLC and Maverick Partners, LLC (Maverick LLC), each owned a 50 percent interest in Pinnacle LLC at the time the company was formed. Of interest to this litigation, the primary purpose of the company as set forth in the operating agreement was "to acquire, hold, develop, lease or sell real property." And, the purpose of the company as set forth in the accompanying operating agreement was to "operate as a real estate ownership entity and to undertake all other types of commercial or business activities not specifically prohibited by law." Further, the operating agreement named Mr. Mattox as the manager "who will have the authority to act on behalf of the Company [Pinnacle LLC], make all decisions regarding the day to day management of the company and shall be responsible for all administrative matters affecting the Company or its business, except as specifically otherwise provided for herein." The operating agreement limited the manager's authority by also providing that "the Manager must have full and unanimous consent of all Members in any event that any action

2

of the Manager shall in any way obligate or bind the Company for any sum greater than $1,000. This Section anticipates an obligation of the Company to include any agreement to lease, purchase or sell anything greater than $1,000 in value."

Mr. Smith and his wife, Karla Smith (Mrs. Smith), owned 100 percent of McGill LLC. However, after the creation of Pinnacle LLC, Mr. Mattox and Ms. Mattox were divorced. As a result of the divorce, Mr. Mattox now owns 25 percent of Pinnacle LLC, and Alice Mattox (Ms. Mattox) owns 25 percent of Pinnacle LLC. Hence, at the commencement of this litigation, the ownership of Pinnacle LLC consisted of McGill LLC (the Smiths) 50 percent, Mr. Mattox 25 percent, and Ms. Mattox 25 percent.

In 1999, Pinnacle LLC purchased a piece of real property (Pinnacle parking lot) near the now Simmons Bank Arena[2] in North Little Rock, Arkansas. The purchase of the property by Pinnacle LLC was financed by a promissory note and mortgage. Once Pinnacle LLC purchased and improved the property upon which the parking lot was created, the parking lot was leased to Main Inc., which was owned by Mr. Smith. The July 2000 lease agreement between Pinnacle LLC and Main Inc. (Pinnacle/Main lease) provided that Main Inc. leased the premises "for the purpose of maintaining office space and operate a parking lot *or other related uses* as may be desired by [Main Inc.]" (Emphasis added.) The lease also provided that Main Inc. would lease the parking lot for $1500 a month. Apparently, there was a side agreement between Mr. Mattox and Mr. Smith that Main Inc. would remit the

---

[2]We note that the record also refers to the arena by its former names, Alltel Arena and Verizon Arena.

3

monthly lease payments directly to the financing company until the mortgage was paid in full, and then, the monthly lease payments would be remitted to Pinnacle LLC.

Apparently, this arrangement ran smoothly from 2000 to 2012. Main Inc. remitted the payments to the finance company until the mortgage was paid off in May 2012. For some reason not revealed in the record, Main Inc. did not remit the post–May 2012 monthly lease payments to Pinnacle LLC, and these nonpayments were the genesis of the underlying dispute among the parties.

This dispute came to a head in 2016. Mr. Mattox alleged that Main Inc. was in arrears of the Pinnacle/Main lease in the approximate amount of $72,000 including late fees. After a demand was made, Main Inc. paid $30,000 in June 2016 and another $40,000 in October 2016.[3] By the time Mr. Mattox, on behalf of Pinnacle LLC, filed his original complaint, he alleged that Main Inc. was in arrears in the amount of $37,100 plus $30 a day going forward.

II. *Litigation Leading to the Circuit Court's First Order on Appeal*

The case before us contains multiple pleadings filed by appellant, Mr. Mattox. Not only did Mr. Mattox file pleadings allegedly on behalf of Pinnacle LLC as the managing member and authorized representative, but Mr. Mattox also filed pleadings on behalf of himself, individually. This cross-contamination of the pleadings by Mr. Mattox contributes to some of the complications of the issues below and herein on appeal. The timing of the

---

[3]It is unclear in the record whether Main Inc. made these payments to Pinnacle LLC to be distributed according to the ownership interests or whether the payments were made to Mr. Mattox. And, there is some evidence that Mr. Mattox did not share the payments with Ms. Mattox. However, this is not an issue in this appeal.

various pleadings vis-à-vis the three separate orders granting motions for partial summary judgment requires a careful chronological review of the pleadings and issues presented therein. This is so because Mr. Mattox appeals from each of the three orders granting partial summary judgment and the status and content of the pleadings at the time the orders were entered is relevant.

Mr. Mattox filed the original complaint as the managing member of Pinnacle LLC (owner/lessor) for unlawful detainer against Main Inc. (lessee) and Mr. Smith. This original complaint generally alleged that Pinnacle LLC owned real property that was being operated as a parking lot (Pinnacle parking lot), that Pinnacle LLC leased the premises to Main Inc., and that Main Inc. was in default for nonpayment. The original complaint further alleged that despite being in default, Main Inc. (lessee) and its owner, Mr. Smith, unlawfully remained in possession of the leased premises and that Pinnacle LLC should be awarded immediate possession of the leased premises and a judgment for unpaid rent and late fees.

Appellees, Main Inc. and Mr. Smith, filed both an objection to the issuance of the writ of possession and an answer[4] alleging, *inter alia*, that Mr. Mattox did not have the right, power, or authority to declare the lease in default or to take legal action on behalf of Pinnacle LLC. They explained that because Mr. Mattox owned only a 25 percent interest in Pinnacle LLC, the complaint filed on behalf of Pinnacle LCC was not authorized by the majority of its members. They also alleged that the Pinnacle/Main lease remained in full force and

_____

[4]In addition to an objection and answer, Main Inc. and Mr. Smith also filed a counterclaim and a third-party complaint. Other than adding Ms. Mattox as a party, the substance of these pleadings is not particularly important to the issues on appeal except as set forth herein.

effect and asked that Mr. Mattox be enjoined from taking any further action on behalf of Pinnacle LLC.

To counter the new allegations challenging his authority, Mr. Mattox filed a response on behalf of Pinnacle LLC. Mr. Mattox alleged that the operating agreement gave him authority to act on behalf of Pinnacle LLC and that because McGill LLC and Mr. and Mrs. Smith[5] were delinquent in their financial obligations to Pinnacle LLC, they had no authority to disqualify Mr. Mattox from acting on behalf of Pinnacle LLC.

Shortly thereafter, Pinnacle LLC members Ms. Mattox and Mr. Smith, on behalf of McGill LLC and representing 75 percent of the membership, decided to call a meeting of the membership of Pinnacle LLC, and notices of the meeting were distributed to all members, including Mr. Mattox. At 9:00 a.m. on April 19, 2018, a meeting of the members of Pinnacle LLC was held. The minutes of the meeting provided that Mr. Mattox was notified of the meeting through his counsel and that Mr. Mattox's counsel replied, "I have conveyed the notice of the meeting to Michael Mattox. He is not agreeing to dismiss the lawsuit or resign as manager of Pinnacle Partners, LLC, but he further advised that he will not attend the meeting." Those attending the meeting were Ms. Mattox, representing her 25 percent ownership, and Mr. Smith on behalf of McGill LLC, representing its 50 percent ownership. The minutes indicated that the first motion was to remove Mr. Mattox as managing member and replace him with Mr. Smith as managing member. The next order of business was to terminate the lawsuit—Pinnacle Partners, LLC v. Main Entrance, Inc., et

---

[5]There is no explanation in the first amended complaint as to why Mr. Mattox alleged that Mrs. Smith was delinquent in the obligation for Main Inc. to pay rent to Pinnacle LLC under the Pinnacle/Main lease agreement.

6

al., Pulaski County Circuit Court Case No. 60CV–18–645. Both motions passed unanimously by the members present.[6]

Armed with the new resolutions of Pinnacle LLC, both Main Inc. and Mr. Smith filed what was later deemed its *first motion for partial summary judgment.* The substance of the first motion for partial summary judgment is condensed to the following: (1) Mr. Mattox is no longer an authorized representative of Pinnacle LLC; (2) the members of Pinnacle LLC voted to terminate the lawsuit Pinnacle Partners, LLC v. Main Entrance, Inc., et al., Pulaski County Circuit Court Case No. 60CV–18–645; and (3) that as a matter of law, the motion for partial summary judgment should be granted and Pinnacle LLC's complaint dismissed with prejudice.

After the first motion for summary judgment was filed, Mr. Mattox filed a first amended complaint again alleging that he was the authorized representative of Pinnacle LLC. Mr. Mattox further inserted himself, individually, as a party plaintiff. Mr. Mattox essentially repeats the allegations for unlawful detainer specifically alleging that Main Inc. and Mr. Smith had breached the Pinnacle/Main lease and remained unlawfully on the leased premises. However, Mr. Mattox included a myriad of new allegations including causes of action for declaratory judgment, injunctive relief, and damages for self-dealing. Most of these allegations emanated from Mr. Mattox's belief that Mr. Smith was guilty of self-dealing as a result of Mr. Smith's simultaneous ownership interests in McGill LLC (who is a member of Pinnacle LLC), Main Inc. (the lessee), and a third business, Peri Investments, LLC (Peri

---

[6]If one considers Mr. Mattox's attorney's letter a vote by proxy, the votes would be 75 percent in favor of the motions and 25 percent against. This voting apportionment does not change any issues in this appeal.

7

LLC). Mr. Mattox alleged that in 2008, Mr. and Mrs. Smith created a new business entity, Peri LLC, and purchased the parking lot adjacent to the Pinnacle parking lot (the Peri parking lot). Since that purchase in 2008, Main Inc. had parked vehicles on the Peri parking lot for pay during events at the Simmons Bank Arena. Vehicles would access the Peri parking lot through the Pinnacle parking lot, and the vehicles exited either through the Pinnacle parking lot or the north end of the Peri parking lot. Additionally, some vehicles parked on the Pinnacle parking lot would exit through the Peri parking-lot exit as well. Mr. Mattox alleged that Pinnacle LLC is entitled to compensation for damages from Main Inc. for allowing vehicles to cross the Pinnacle parking lot to gain ingress and egress to the Peri parking lot. Therefore, Mr. Mattox prayed for the following relief on behalf of Pinnacle LLC and himself, individually:

(a) Judgment declaring that:

(i) Smith's purchase of the unimproved lot adjacent to Pinnacle Partner's improved parking lot through Peri Investments was a usurpation of Pinnacle Partners' opportunities, self-dealing, and bad faith on the part of Smith;

(ii) Smith's use of Pinnacle Properties' parking lot to allow vehicles to travel across the improved parking lot to the unimproved lot for parking at events is self-dealing and bad faith;

(iii) McGill Companies' vote on April 19, 2018, is void because Smith (or Smith and his wife) through his or their ownership of Main Entrance and Peri Investments had a self-interest in the vote to dismiss the lawsuit; and

(iv) Alice Mattox's 1/4 interest was insufficient to carry the vote, and Mattox has complete authority to evict a non-paying tenant such as Main Entrance;

(b) Injunction against Smith from using Pinnacle Partners' parking lot to give vehicles access from Magnolia Street to Peri Investments' unimproved lot for parking at events;

8

(c) Judgment against Smith and in favor of Mattox for money damages in the amount of at least $122,556.00, plus pre- and post-judgment interest accruing at the highest legal rate, costs, and attorney's fees pursuant to Ark. Code Ann. § 16-22-308; and

(d) all other just and proper relief to which Plaintiffs are entitled.

Not only did Mr. Mattox file his first amended complaint, but he also filed a response to the first motion for partial summary judgment. Mr. Mattox's response essentially mirrored the arguments he made in this first amended complaint.

A hearing on the first motion for partial summary judgment was held. The previous chronology is important because at the hearing, the circuit court recognized that Mr. Mattox raised new substantive issues in the first amended complaint that was filed after the first motion for partial summary judgment had been filed. In this first amended complaint, there were claims pertaining to Pinnacle LLC, as plaintiff, and there were claims pertaining to Mr. Mattox, individually, as plaintiff. At the conclusion of the hearing, the circuit court stated the following regarding the motion for partial summary judgment:

> Now, let's talk about the motion for partial summary judgment. When this case first started -- actually, when it first started I believe it was basically just an unlawful detainer action. There was a -- no, it was just a complaint in unlawful detainer when it first started, with just Pinnacle Partners, LLC. That was the original complaint filed on January 31, 2018. *It's changed, both parties and causes of action, since that time.*
>
> So, Mr. Niswanger [Mr. Mattox's counsel], here's what I see from the pleadings, the things that do not seem to be in dispute. The folks with 75 percent of the shares of the LLC got together and voted Mr. Mattox out as managing partner. He had notice of the meeting and did not attend the meeting. I don't know that if he had attended -- 75 percent vs. 25 percent, last time I checked, that's not only a majority, that's always a super majority. So I read everything in the argument, responsive arguments about voidable and those types of things, and it still seems like it's summary [judgment] as far as Pinnacle Partners, LLC. There's a new managing partner that's got 75 percent of the vote, and the vote was to dismiss this action with prejudice, and that's in the file; it's some of the attachments to the motion for partial summary judgment. *But the first amended complaint states a number of causes of actions on*

9

*behalf of Mr. Mattox individually, about how he's been treated as a minority shareholder, and with respect to some of the other arguments that you made on his behalf in his individual capacity. I don't know that the motion for partial sought to address those, to any extent that it does, it's denied. The bottom line is it seems to me there's no material facts in dispute that Pinnacle Partners, LLC, with its current managing partner, has voted to dismiss this action with prejudice, and that's going to be granted, as far as Pinnacle Partners, LLC.*

*So there will be one plaintiff versus still everybody that was named, unless subsequent pleadings clean that up with respect to -- I don't know if Ms. Mattox will still be there or not there. Probably. With the arguments that were made, it appears to me that at this point in time, yes, because there's an argument that there was some unfairness that went on with respect to the treatment of the minority shareholder. As to whether there was or wasn't, we're not here for that today.*

(Emphasis added.) When the circuit court was specifically asked by Mr. Mattox's counsel whether it found any merit to the argument that the vote was tainted with self-interest, it responded,

*There's not anything that rose to any level for Pinnacle Partners, LLC, that I thought would stop a summary judgment on that motion. Now, some of those arguments and those operative facts that you have alleged, they may or may not be important with respect to an individual cause of action by Mr. Mattox, and that's still viable, and we're not addressing that today. And if you-all don't resolve it otherwise, then I presume at some point in time we'll have a jury trial on it.*

(Emphasis added.) Thereafter, on July 17, 2018, the circuit court filed its first order granting partial summary judgment and denying the motion to dismiss. The order stated, "[F]or the reasons stated from the bench . . . the Motion for Partial Summary Judgment is hereby GRANTED. The Complaint and First Amended Complaint of the Plaintiff, Pinnacle Partners, LLC, are dismissed _with prejudice_; the First Amended Complaint of Plaintiff, Michael Mattox, remains pending." (Emphasis in the original.) Thus, it is clear that the intent of the circuit court was to dismiss with prejudice the lawsuit of Pinnacle LLC while preserving any pending claims individually on behalf of Mr. Mattox, and we must first examine whether the circuit court's decision was reversible error.

10

### III. *Standard of Review*

Summary judgment may be granted only when there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law. *Greenlee v. J.B. Hunt Transp. Servs.*, 2009 Ark. 506, 342 S.W.3d 274. The burden of sustaining a motion for summary judgment is always the responsibility of the moving party. *McGrew v. Farm Bureau Mut. Ins. Co. of Ark.*, 371 Ark. 567, 268 S.W.3d 890 (2007). Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Greenlee, supra.* However, if a moving party fails to offer proof on a controverted issue, summary judgment is not appropriate, regardless of whether the nonmoving party presents the court with any countervailing evidence. *Moses v. Bridgeman*, 355 Ark. 460, 139 S.W.3d 503 (2003). On appellate review, this court determines if summary judgment was appropriate by deciding whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *Greenlee, supra.* We view the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* Our review focuses not only on the pleadings but also on the affidavits and other documents filed by the parties. *Id.* However, when there is no material dispute as to the facts, we determine on review whether "reasonable minds" could draw "reasonable" inconsistent hypotheses to render summary judgment inappropriate. *Town of Lead Hill v. Ozark Mountain Reg'l Pub. Water Auth.*, 2015 Ark. 360, 472 S.W.3d 118. In other words, when the facts are not at issue but possible inferences therefrom are, the court will consider whether those inferences can be reasonably

11

drawn from the undisputed facts and whether reasonable minds might differ on those hypotheses. *Flentje v. First Nat'l Bank of Wynne*, 340 Ark. 563, 11 S.W.3d 531 (2000).

IV. *Appeal from the Circuit Court's First Order*

While the various pleadings are somewhat complicated and intertwined, when one separates the wheat from the chaff, the issues presented in the first motion for partial summary judgment were not. On the one hand, Main Inc. and Mr. Smith argued that because the majority of Pinnacle LLC's members voted to remove Mr. Mattox as the managing member and to dismiss this lawsuit for, or on behalf of, Pinnacle LLC, Mr. Mattox "is not authorized to maintain or prosecute a lawsuit for or on behalf of Pinnacle." Therefore, they argued that Pinnacle LLC's lawsuit should be dismissed. On the other hand, Mr. Mattox, purportedly on behalf of Pinnacle LLC and himself individually, disagreed, arguing that neither he nor Pinnacle LLC was "bound by the April 19 vote because it was tainted with self-interest and was made in bad faith, and so the vote should be voided." He went on to explain, "McGill Companies' vote on April 19, 2018, should be voided because Smith (or Smith and his wife) through his (or their) ownership of Main Entrance and Peri Investments had a self-interest in the vote to dismiss the lawsuit. His (or their) vote to alleviate Mattox's authority to evict Main Entrance was made in bad faith and is a breach of the Operating Agreement. Alice Mattox's 1/4 interest was insufficient to carry the vote."

In its first order, the circuit court dismissed the complaint and first amended complaint *as to Pinnacle LLC only*. At the hearing, the circuit court specifically explained that any individual claims of Mr. Mattox, including any arguments regarding how he had been treated as a minority shareholder, were still viable and were not being addressed at that

12

time. The circuit court further stated that to the extent the first motion for partial summary judgment sought to address any of Mr. Mattox's arguments as an individual, it was denied. The circuit court explained as follows: "The bottom line is it seems to me there's no material facts in dispute that Pinnacle Partners, LLC, with its current managing partner, has voted to dismiss this action with prejudice, and that's going to be granted, as far as Pinnacle Partners, LLC." When specifically asked whether the circuit court found any merit to Pinnacle LLC's argument that the vote was tainted with self-interest, it went on to find that "[t]here's not anything that rose to any level for Pinnacle Partners, LLC, that I thought would stop a summary judgment on that motion." Thus, in light of the circuit court's findings that it was only dismissing Pinnacle LLC's claims in the complaint and first amended complaint but left Mr. Mattox's individual claims as alleged in the first amended complaint still pending, we first look to determine whether the circuit court erred in its ruling to dismiss Pinnacle LLC's lawsuit on the basis that 75 percent of its membership voted to have the action dismissed. We find no reversible error.

Recall that the ownership of Pinnacle LLC consisted of 50 percent McGill LLC (the Smiths), 25 percent Ms. Mattox, and 25 percent Mr. Mattox. Even assuming arguendo that Mr. Mattox's arguments on behalf of Pinnacle LLC had merit and that McGill LLC's votes should be invalidated because they were "tainted with self-interest," the circuit court did not err in dismissing Pinnacle LLC's suit on the basis of the provisions of Pinnacle LLC's operating agreement and the undisputed evidence that *Ms. Mattox*, representing her 25 percent ownership interest, also voted to dismiss the suit. We may affirm a circuit court

13

when it has reached the right result, even though it has announced the wrong reason. *Brock v. Townsell*, 2009 Ark. 224, 309 S.W.3d 179.

Here, Pinnacle LLC's operating agreement set out who has authority to act on behalf of Pinnacle LLC. The operating agreement states, pursuant to § 5.2 Management Responsibilities, that Pinnacle's manager "had the authority to act on behalf of the Company [Pinnacle LLC], make all decisions regarding the day to day management of the company and shall be responsible for all administrative matters affecting the Company or its business, except as specifically otherwise provided for herein." However, the operating agreement limited the manager's authority and also provided, under § 5.4 Extraordinary Matters, that "the Manager must have full and unanimous consent of all Members in any event that any action of the Manager shall in any way obligate or bind the Company for any sum greater than $1,000."

When contracting parties express their intention in a written instrument in clear and unambiguous language, it is the court's duty to construe the writing in accordance with the plain meaning of the language employed. *In re Estate of Cook v. Willhite*, 2020 Ark. App. 292, 601 S.W.3d 453. We must consider the sense and meaning of the words used by the parties as they are taken and understood in their plain and ordinary meaning. *Id.* It is a well-settled rule that the intention of the parties to a contract is to be gathered, not from particular words and phrases, but from the whole context of the agreement. *Id.* On appeal from a circuit court's determination of a purely legal issue, we must decide only if its interpretation of the law was correct, as we give no deference to the circuit court's conclusion on a question of law. *Id.*

14

Although Mr. Mattox instituted this action when he was elected manager, his authority under the operating agreement gave him the right to make the day-to-day decisions unless his decisions would "obligate or bind" Pinnacle LLC for more than $1,000. Therefore, Mr. Mattox's authority was not unlimited. To prosecute this commercial litigation on behalf of Pinnacle LLC, Mr. Mattox retained the services of attorney Steve Davis to sue other members of Pinnacle LLC. Further, in the event that McGill LLC and Mr. Smith were the prevailing parties in the litigation, Pinnacle LLC could have been obligated and bound to pay thousands of dollars in attorney's fees and costs. We hold that reasonable minds could not differ under these facts that Mr. Mattox's retention of counsel to represent Pinnacle LLC in the filing of a lawsuit and its continued representation and the risk of obligating Pinnacle LLC to pay thousands of dollars in prevailing party attorney's fees triggered the need for full and *unanimous consent* under § 5.4 Extraordinary Matters. Therefore, assuming arguendo we agreed that Mr. Mattox is still the elected manager and that McGill LLC's vote was tainted with self-interest, we must still affirm the circuit court's dismissal because there is no issue of material fact remaining. Ms. Mattox, representing 25 percent of the ownership, also voted to dismiss the lawsuit, and there were no facts alleged or proof offered to show that her interest was also tainted with self-interest. As such, there is no issue of material fact that Mr. Mattox lacked unanimous consent under § 5.4 to proceed with the suit on behalf of Pinnacle LLC notwithstanding whether any of those self-interest claims against McGill LLC or Mr. Smith had any merit. As such, we must affirm the circuit court's ruling on the first motion for partial summary judgment wherein it dismissed the

15

separate claims of Pinnacle LLC with prejudice while preserving any individual claims on behalf of Mr. Mattox.

That brings us to appellees' argument on appeal that we should also dismiss any appeal Mr. Mattox filed on behalf of Pinnacle LLC. The second amended notice of appeal was filed by Mr. Mattox's counsel. In it, counsel acknowledged that the other members of Pinnacle LLC—McGill LLC and Ms. Mattox (collectively accounting for a 75 percent interest of the members of Pinnacle LLC)—had given notice that Mr. Mattox did not have the authority to represent Pinnacle LLC in filing an appeal. Nevertheless, the second amended notice of appeal stated that Mr. Mattox refused to dismiss Pinnacle LLC's appeal, and Mr. Mattox's counsel stated that he purported "to represent Pinnacle Partners but only to the extent necessary to preserve the appellate rights herein." Pinnacle LLC's appeal arises from its lawsuit that was not unanimous as required pursuant to § 5.4 of the operating agreement, and Pinnacle LLC's lawsuit was dismissed with prejudice by the circuit court. Therefore, for the same reasons we affirmed the circuit court's decision that Pinnacle LLC's lawsuit had to be dismissed because unanimous consent was required under the circumstances, we must also agree with appellees and dismiss Pinnacle LLC's appeal. However, having dismissed the appeal of Pinnacle LLC, Mr. Mattox's concerns that the voting was tainted with self-dealing remain reviewable in this appeal and are reviewed in his individual claims against appellees in the second and third orders granting partial summary judgment below.

V. *Litigation Leading to the Circuit Court's Second and Third Orders on Appeal*

After the circuit court dismissed with prejudice the complaint and first amended complaint on behalf of Pinnacle LLC, leaving only Mr. Mattox's individual claims, Main Inc. and Mr. Smith filed their *second motion for partial summary judgment.* In Mr. Mattox's first amended complaint, he alleged, *inter alia*, that Arkansas Code Annotated section 4–32–402(2) (Repl. 2016)[7] prohibits "tainted self-dealing transactions, usurpation of entity opportunities, and competition," and he alleged that it was under this provision that he was entitled to declaratory judgment on his individual self-dealing claims. In the appellees' second motion for partial summary judgment, they argued that Mr. Mattox's remaining individual claims regarding self-dealing should also be dismissed "due to, inter alia, the clear language of A.C.A. § 4–32–402(2), lack of standing, lack of privity, lack of any duty, statute of limitations and clear language of Main [Inc.'s] lease with Pinnacle." More specifically, Main Inc. and Mr. Smith argued that Arkansas Code Annotated section 4–32–402(2), relied upon by Mr. Mattox, did not create an individual right of action in Mr. Mattox but that the plain language of the statute gave such a right to the company—in this case Pinnacle LLC. Moreover, they argued that neither Main Inc. nor Mr. Smith has any privity with,

---

[7]Arkansas Code Annotated section 4-32-402(2) provides,

> Every member and manager must account to the limited liability company and hold as trustee for it any profit or benefit derived by that person without the consent of more than one-half (1/2) by number of the disinterested managers or members, or other persons participating in the management of the business or affairs of the limited liability company, from any transaction connected with the conduct or winding up of the limited liability company or any use by the member or manager of its property, including, but not limited to, confidential or proprietary information of the limited liability company or other matters entrusted to the person as a result of his or her status as manager or member.

or duty to, Mr. Mattox because neither was a member of Pinnacle LLC. They also argued that Mr. Mattox's claims were barred by the statute of limitations because Peri LLC had purchased the Peri parking lot property in 2008, and Main Inc. had been parking vehicles and traversing the Pinnacle parking lot since 2008. Finally, they argued that the plain language of the Pinnacle/Main lease permitted Main Inc.'s use of the Pinnacle LLC property. The Pinnacle/Main lease provided in relevant part, "In consideration of the mutual covenants and agreement herein stated, and other good and valuable consideration, Lessor hereby leases to Lessee and Lessee hereby leases from Lessor, for the purpose of maintaining office space and operating a parking lot or other related uses as may be desired by the Lessee."

The second motion for partial summary judgment was supported by Mr. Smith's affidavit and documentation. In his affidavit, Mr. Smith admitted that he was the owner of Main Inc., the lessee. He also repeated and affirmed many of the facts already outlined above. Additionally, Mr. Smith stated that he had told Mr. Mattox about the purchase of the Peri LLC property either at the time of the purchase or shortly thereafter. He explained that the parties thought the Peri LLC property would improve the marketability of the Pinnacle LLC property and that no one has ever voiced an objection to the purchase of, or to Main Inc.'s parking vehicles on, the Peri LLC property by driving through the Pinnacle parking lot. Also, Ms. Mattox submitted an affidavit stating that she had never complained about the parked vehicles in the Peri parking lot nor had she heard Mr. Mattox complain until he voiced his objections in this case. Ms. Mattox joined in requesting that the second motion for partial summary judgment be granted.

18

In Mr. Mattox's response, he argued that Arkansas Code Annotated section 4–32–402(1)[8] allowed him an individual right of action and, furthermore, that he should be permitted to pierce the corporate veil of McGill LLC (the 50 percent Pinnacle LLC member) to "get to" Mr. Smith. Mr. Mattox noted that he would file yet another amended complaint to add McGill LLC as a defendant. Mr. Mattox additionally argued that the statute of limitations did not bar the action because of the fiduciary relationship between the parties. He explained that Mr. Smith had never provided any report of any nature concerning the secret profits Mr. Smith had misappropriated from both Pinnacle LLC and Mr. Mattox via the Peri parking lot venture, and therefore the one-year statute of limitations under Arkansas Code Annotated section 28-73-1005 (Repl. 2012) for actions against trustees for breach of trust had not run. Mr. Mattox further explained that even if the three-year statute of limitations applied as Main Inc. and Mr. Smith argued, the time should have been tolled because Mr. Smith had fraudulently concealed his breach of fiduciary duties. Finally, Mr. Mattox argued that even if the lease agreement permitted Main Inc.'s use, the lease could not be used to allow Mr. Smith to breach his fiduciary obligations to Mr. Mattox and Pinnacle LLC. Mr. Mattox failed to attach any affidavits or supporting documents to his response. However, he did verify that any facts in his response were true and accurate to the best of his knowledge.

---

[8]Arkansas Code Annotated section 4–32–402(1) provides the following: "A member or manager shall not be liable, responsible, or accountable in damages or otherwise to the limited liability company or to the members of the limited liability company for any action taken or failure to act on behalf of the limited liability company unless the act or omission constitutes gross negligence or willful misconduct."

19

Before a hearing on the second motion for partial summary judgment could be held, Mr. Mattox filed a second amended complaint adding McGill LLC as a party defendant. Mr. Mattox, individually, alleged causes of action for declaratory judgment, injunction, and damages for self-dealing. Regarding McGill LLC, Mr. Mattox alleged that although it should be held equally liable, he also requested that the corporate veil be pierced. Thus, Mr. Mattox requested the following relief:

(a) Judgment declaring that:

(i) Smith's purchase of the lots adjacent to Pinnacle Partner's improved parking lot through Peri Investments was a usurpation of Pinnacle Partners' opportunities, self-dealing, and bad faith on the part of Smith;

(ii) Smith's use of Pinnacle Properties' parking lot to allow vehicles to travel across the improved parking lot to the unimproved lot for parking at events is self-dealing and bad faith;

(b) Injunction against Smith from using Pinnacle Partners' parking lot to give vehicles access from Magnolia Street to Peri Investments' unimproved lot for parking at events;

(c) Judgment against Smith and Peri Investments and in favor of Mattox for money damages in the amount of secret profits derived from the adjacent lots purchased by Smith through Peri Investments, plus pre- and post-judgment interest accruing at the highest legal rate, costs, and attorney's fees pursuant to Ark. Code Ann. § 16-22-308; and

(d) all other just and proper relief to which Plaintiffs are entitled.[9]

Main Inc., Mr. Smith, and McGill LLC subsequently filed an answer to this second amended complaint, and as with the answer to the first amended complaint, they generally denied the allegations, requested that the complaint be dismissed, and pleaded the affirmative

---

[9]We note that Mr. Mattox does not request relief in any of his complaints that he should be reinstated as the managing member of Pinnacle LLC.

20

defenses of "waiver, estoppel, laches, the doctrine of inconsistent positions, lack of standing, unclean hands, statute of limitations, doctrine of inconsistent positions and conditions precedent."

The circuit court held a hearing on the second motion for partial summary judgment on November 12, 2019, and the parties orally argued their respective positions as set out in the pleadings. At the conclusion of the hearing, the circuit court recognized that, once again, Mr. Mattox had filed his second amended complaint after appellees' second motion for summary judgment was filed, and the second amended complaint raised new substantive issues against a new added party, McGill LLC. As a result of the new allegations set forth in the second amended complaint, the court ruled as follows:

> All right. I'm granting the motion [for partial summary judgment] with respect to the cause of action in the parties that were present at the time of the first amended complaint. I am not making any ruling with respect to the new party [McGill LLC] or any new causes of action.

On November 25, 2019, the circuit court entered an order containing the following pertinent language:

> [B]ased upon the Motion, the responses and replies thereto, the arguments of counsel at the hearing and for the reasons stated from the bench, the Motion as to all claims against defendants, Main Entrance, Inc. and Jeffrey Clay Smith, is hereby GRANTED; since the Second Amended Complaint was filed and the defendant, McGill Companies, LLC, was added as a defendant after the Motion was filed, the Motion as to defendant, McGill Companies, LLC, is hereby DENIED. The First Amended Complaint and Second Amended Complaint of Plaintiff, Michael Mattox, are dismissed _with prejudice_ as to defendants, Main Entrance, Inc. and Jeffrey Clay Smith, but remains pending as to defendant, McGill Companies, LLC, only.

(Emphasis in the original.)

The litigation continued. With McGill LLC the only remaining defendant based on Mr. Mattox's allegations in the second amended complaint, McGill LLC filed what we are

21

referring to as the *third motion for partial summary judgment* on December 3, 2019. McGill LLC adopted and incorporated Main Inc. and Mr. Smith's second motion for partial summary judgment and their reply to the response to second motion for partial summary judgment. Ms. Mattox also responded and requested that the motion for partial summary judgment be granted. Mr. Mattox then filed a response and incorporated by reference his previous responses to the first two motions for partial summary judgment. On January 27, 2020, the circuit court filed an order granting McGill LLC's motion for the same "reasons stated from the bench at the hearing in this case on November 12, 2019." It therefore ruled that the second amended complaint was dismissed with prejudice as to McGill LLC. It further ruled that all claims, counterclaims, and third-party claims not specifically addressed were also dismissed with prejudice.

VI.  *Appeal from the Circuit Court's Second and Third Orders*

The circuit court dismissed Mr. Mattox's individual claims as alleged in the second amended complaint against appellees in its second and third order granting partial summary judgment. In his opening brief to this court, Mr. Mattox argues several points as to why the circuit court erred in granting the second and third motions for partial summary judgment, including his continuing argument that the Pinnacle LLC vote should be voided due to self-dealing by Mr. Smith. However, before addressing the merits of these points, we must first address appellees' argument that we must summarily affirm.

In both its second and third order, the circuit court states that its ruling is "based upon the Motion, the responses and replies thereto, the arguments of counsel at the hearing and for the *reasons stated from the bench*." (Emphasis added.) However, the circuit court's

22

oral ruling at the November 12, 2019, second hearing did not expressly state its basis for granting the motion, and the circuit court simply announced that it was granting the motion. Our supreme court has held that when a circuit court grants a summary-judgment motion without expressly stating the basis for its ruling, that ruling encompasses the issues presented to the circuit court by the briefs and arguments of the parties. *Quarles v. Courtyard Gardens Health & Rehab., LLC*, 2016 Ark. 112, at 8–9, 488 S.W.3d 513, 520. Therefore, we have no alternative but to conclude that the circuit court's grant of the motions for partial summary judgment encompassed and constituted a ruling on all the issues raised by the parties. *Windsong Enters., Inc. v. Red Apple Enters. Ltd. P'ship*, 2018 Ark. App. 39, 542 S.W.3d 177.

Here, appellees correctly argue that the circuit court is deemed to have accepted all the arguments advanced by appellees in their second and third motions for partial summary judgment with its blanket ruling, including their contention that Mr. Mattox's claims as alleged in the second amended complaint were barred by the statute of limitations. *Id.* Generally, appellees argued below, *inter alia*, in the second and third motions for partial summary judgment that any alleged self-dealing or fraud occurred eight years earlier in 2008 when Mr. Smith's other entity, Peri LLC, purchased and began operating the Peri parking lot. Hence, the statute of limitations for fraud is three years and the litigation is time-barred. Mr. Mattox did not raise or argue this statute-of-limitations issue in his opening brief. Because Mr. Mattox does not raise an argument to contest that finding in his opening brief, we cannot address any issue regarding the circuit court's decision to grant partial summary judgment to appellees in response to Mr. Mattox's first and second amended complaints.

23

*Id.* While Mr. Mattox attempts to argue in his reply brief that the statute of limitations did not bar his claims, this argument comes too late. Unless an appellant files an opening brief that states all the arguments for reversal, an appellee has no opportunity to respond to those arguments in writing, and it is well established that we will not consider an argument made for the first time in a reply brief. *Id.*; *Fennell v. City of Pine Bluff*, 2016 Ark. App. 275, 492 S.W.3d 887. As such, we affirm the circuit court's ruling wherein it granted partial summary judgment on Mr. Mattox's first and second amended complaints.

## V. *Conclusion*

In conclusion, we affirm the circuit court's orders, and to the extent Mr. Mattox is purporting to file an appeal on Pinnacle LLC's behalf, we must dismiss it.

Affirmed in part; dismissed in part.

ABRAMSON and VIRDEN, JJ., agree.

*Niswanger Law Firm PLC*, by: *Stephen B. Niswanger*, for appellants.

*A. Vaughan Hankins*, for separate appellees Main Entrance, Inc.; Jeffrey Clay Smith; and Peri Investments, LLC.